1-1747 United States v. Angel Ramos-Carreras. At this time, would Attorney Rodriguez come to the podium and introduce himself on the record to begin? May it please the Court, Jose David Rodriguez on behalf of Appellant and Mr. Angel Ramos. Your Honors, if I may ask for two minutes in rebuttal, please. Two minutes, yes. Thank you. Your Honors, the sentence here was played by the Court's reliance on off-record and unsupported information. There are two reasons why the sentence in this case should be vacated. One involves a Jones Act violation and the other procedural error in the sentence. I will focus first, if I may. Weren't all of the allegations from the State court record put in the PSR? The factual allegations about the details of the assault? No, Your Honor. There was no PSR here, Your Honor. This was a, you mean if the allegations from the State case were... It was in the notice of revocation. Pardon? It was in the notice of revocation. No, Your Honor. The notice of revocation did not include any, did not list any conduct. It only mentioned that Mr. Ramos had been charged with a lewd act violation, which is Article 133. It mentioned the number of the penal code article and that was it. I'm getting these cases mixed up with the next one. Sorry about that. Don't worry, Your Honor. But to be clear, here, neither in the probation's motion nor at any other point in the record, there was any indication, any list of the conduct underlying the state offense. As Your Honors know, the court sentenced Mr. Ramos to the maximum statutory sentence. That was 36 months, a variance of 26 months from the maximum of the guideline sentencing, which was 10 months. To get to that result... I just want to pin this down now that I'm clear as to what case you're arguing. You're saying that the violation notice mentioned that he was charged in the Commonwealth Court, but it did not go into any details about whatever he did to the stepdaughter's breasts or genital area. That is correct, Your Honor. There's nothing on the record from anybody except the judge on that? Exactly, Your Honor. Those two acts that Your Honor mentioned that the court... And probation never provided that information independently. Not on the record, Your Honor. And it cannot be told from the record that there was any ex parte conversation. And if there was, that was also reversible error, because the court did not announce any new facts until the court was imposing the sentence. And that is the main issue here, or one of the main issues. The court, before announcing that statutory maximum sentence, when it described the underlying conduct, it referred to these new acts that were nowhere in the federal records. This graphic act, which the court took, that's the only reasonable explanation to try to make sense of how this information got to the court. It must have been from state court documents that the court was reading during the transcript. These were untranslated, never part of the record. And when Your Honors review the transcript, it is clear that at several points that the judge is reading from state court documents. Let me ask you this. When the probation violation hearing was held, and when your client admitted a violation, did he make it clear that he was admitting to a violation of a commonwealth law, but not to the facts of what had happened? Was that clear on the record? That is clear on the record, Your Honor. My client admitted to the violation, which was that he was charged and committed a new offense in state court. That was all my client admitted. To be clear, there was an admission or this remark by the attorney at sentencing that the attorney said, there was one incident of touching over clothes, but that was it, Your Honor. There was nothing regarding what type of acts and what type of conduct. Then the court- So touching over clothes, so there was no graphic discussion of what that meant? No graphic disclosure, no graphic reference to anything but by the court before imposing the sentence. What do you do about the defendant filed a motion for reconsideration?  He refers to the defendant's admitted behavior of touching a 15-year-old female in a sexual manner for sexual gratification. What do you do with that admission? Well, Your Honor, that admission does not contain any reference to any specific act. And the attempted lewd act, which was the state conviction, lewd act is written in the penal code in a very broad language that encompasses a wide array of conduct. Right, but this person admitted touching a 15-year-old female in a sexual manner for sexual gratification. You're saying that somehow falls short of the facts the court relied on? Regarding the specific acts of sexual misconduct, sucking complainant's breasts and squeezing her vagina, which was what the court said before imposing the sentence, that admission to having occurred one incident of touching over clothes is a far cry from that generic admission by counsel. And we know that the court took this into account because the court injected those facts into the record. Did the defendant object when the court made that statement? No, Your Honor, but this was a Jones Act violation. The court was reading from state court documents at the time. Jones Act violation does not require contemporaneously objection, as Your Honor knows. And also important to consider the context in which the court injected these facts. Just when the court was going to announce the sentence, already that train had departed long ago. The right procedure if the court was to consider a new fact was to say it at the start of the sentencing. Well, we don't know. You say the court was reading the state court documents. That's a guess as opposed to someone having told the court what was in the documents. Well, Your Honor, if Your Honors, for example, go to page 52 of the appendix, you can see that the court is reading there from the state court judgment. The court is saying the state sentence, which is also revealing that the court is making its own translation because the court translates the document called sentencia, which is judgment in English. The court refers to that document as sentence. If this will have been translated by a certified translator, the sentence will have been translated to judgment. And if I may finish this point, you can see in page 52 of the appendix that the court is reading from that state court judgment, which the court calls sentence. And it's clear from the record that the court is looking at that document and others as well. Can you just help me out before you sit down and tell me how would that have come about? Who would have given the court that judgment? I assume it's not in the record. It's not in the record, Your Honor. It's not in the record. But either the court on its own found it or it was given by the probation officer or somebody else. First, there is nothing on the record to support any of that. But if it did, it wouldn't make any difference. It would still be the court relying on unconsolidated documents that were not part of the record. I'm sorry, just one final question. Going back to Judge Cayatta's question, reading from the motion for reconsideration, is it your position that he had not made that specific of an admission at the time he was sentenced? Or are you saying that what he admitted to in the reconsideration motion would not have been sufficient for the court to do the sentence that it did? Well, I want to be clear with this response. Regarding the conduct, the sexual acts, what the attorney mentioned in the motion for reconsideration is at the same level of generality of what the counsel said at sentencing. At sentencing, he said, touching over clothes and consent. But touching for sexual gratification gets a little bit more specific. Well, Your Honor, this is where it is important to consider the statute, the LUDAC offense, which talks about subjecting someone to an act that tends to awaken the passions of the defendant. That's how broad the statute is written. And that encompasses a whole array of different conduct of which nothing was introduced by either party. And the admission that the attorney made of conduct was at the same level of generality that the statute uses. There is absolutely no reference in that to any specific act as detailed and as graphic and inflammatory as the ones that the district court injected into this record just before he was going to announce this state max sentence. Thank you. Thank you, Your Honor. Thank you. At this time, would Attorney Conner please introduce himself on the record to begin? Good morning. Greg Conner for the government and may it please the court. This court should affirm the revocation sentence imposed below because Ramos' significant breach of trust from sexually touching a minor family member is supported by the record. Now, first, our position is that this appeal should be governed by the plain error standard of review. Ramos objected only generally to the procedural and substantive reasonableness of his sentence. That's the same objection that this court said was too general in the Soto-Soto decision. Soto-Soto is still good law. So that should govern this court's standard of review. Not only that, he points to Serrano-Brios to argue that his appeal is preserved. But, of course, in Serrano-Brios, this court said that the defendant made more specific objections about consideration of treatment history and consideration of the state charges. So there were specific objections in Serrano-Brios. That doesn't apply. Is there anything on the record besides what the judge said that goes into the alleged details of what he did? No. Something that we acknowledge in our brief is that there are regrettable gaps in this record, specifically about the places on her body that she was touched. We think that's inconsequential on this record because there was sufficient information that, for example, there was sexual abuse that took place. The sexual abuse was of a family member, and the victim was a minor girl. Isn't it clear that the judge, in making those statements, which are nowhere on the record, took into consideration something in violation of the Jones Act? No. We agree. I forget which member of the panel mentioned this, but it's speculation to say that he was reading. There's no evidence that he was reading. But it had to come from somewhere. And if those details are not on the record, where are we to understand that information came from? I mean, it would either be an ex parte communication or it would be accessing the state court record. Well, in that respect, we think the Mian Isaac, it's pronounced Mian Isaac. It looks like Milan Isaac. We think that case would govern if there are bits of information that the judge receives from probation where it's not new information and it's not consequential to the judge's decision, that it's not reversible there. So let's assume for a minute, and we can come back to it, assume for a minute that we were to find the difference between the description that the defendant admitted to in his motion for reconsideration and the description of the acts given by the judge is consequential. Suppose we found that that was consequential. Then what would you say would go from that point forward? We have a judge saying something that's consequential to the verdict and that it is nowhere in the record and the only place the record suggests it is for certainty is in a complaint filed in commonwealth court. My answer is a disagreement with what my brother counsel said earlier, that he was simply admitting that a violation took place, but not admitting that that's not how the hearing transpired. He admitted to, well, he acknowledged the attempt conviction and he admitted to the act of touching. And we think in the context of the record read as a whole, the fact that he was accused of sexually touching this female family member, that there is enough information to. I think you're fighting the hypothetical and I understand you have a point that there isn't a big difference between what the judge said and what was otherwise properly in the record. But my question is to ask you to assume without admitting that there is a difference between just a general description of touching for sexual gratification and the specific type of touching that the judge referred to. Assume that is a consequential difference. What do we then do? Okay. To answer your hypothetical, I think you look at the remaining context in the record. He's at, yes, the district judge is specific, but he is charged with specific acts. And then he goes to the sentencing hearing and says those acts occurred. And then he confirms in reconsideration that. Well, I think you wouldn't. Let me try answering my own question. You said what's wrong with it. If we assume that it's consequential, the difference, then when we have necessarily found that the judge relied on a consequential piece of evidence that is nowhere in the record and may have only come from a Spanish complaint. If the difference is that consequential, I acknowledge it would be a tougher case for the government. I think there are other pieces of the record that would fill that difference. I'm trying to get you to say how if it were consequential and there's nothing else in the record that was as consequential, how you would still possibly win. I'm not sure we would be able to in that case. I think if there was nothing else in the record and you viewed it in a vacuum, it would be more difficult. So this then turns, in your view, on whether an admission that he touched her for purposes of sexual gratification is essentially the equivalent of what the judge described in more graphic detail. That's correct. And that's why we point to the Gilman case because we think, and Gilman says that there's not reversible error when the defendant can't show why a district court would resentence the defendant differently. In this case, he's not going to be able to get around the three key components of his breach of trust, which is the sexual abuse, the fact that it was a family member, and the fact that she was a minor. I think if you just remove the contact with the breast, with the vagina, and ask if it would be any different, I think it's a really, I don't think he can say that it would be meaningfully different. Are you making a prejudice argument? Is that what it comes down to? You're saying there's no prejudice? Yes, and we're arguing that it should be reviewed under plain error, and he hasn't satisfied the prongs of plain error. But I do want to address the, first of all, I think the complaint is out. It simply was not referred to at the hearing. There's no indication that the judge was referring to that. I think there is a- Well, he was referring to something. Well, okay, so Ramos referred to the sentencia, the judgment. And as much as there might be more of a reference to that at the hearing, I think that would be Ramos spiking the football because he brought the sentence into the proceedings in his final motion for a continuance by saying that he had down pleaded to attempt and that his sentence was five years, so he had been treated stiffly by the local court. In other words, his reference to the local judgment is what allowed him to make arguments at the sentencing hearing. And then he brings it up again in his motion for reconsideration. And if all that wasn't enough, the district court made some comments, some remarks about the local judgment, but then said, you know what, I'm not going to consider that. This is at page 52 to 53 of the appendix. The judge says, I'm not going to consider that. I'm going to look at or I'm going to consider what I think the appropriate revocation sentence should be in his federal case. So I don't think that the one document that might have been referenced, I don't think that factored into the judge's decision. Once the judge imposed sentence, did the judge have the legal authority to change the sentence? I'm trying to figure out what to even do with the motion for reconsideration in this context or any statements made relative thereto. I didn't think the sentence, once it's imposed, could be changed anyway. It could be appealed. I think you're right, but I would also encourage the court to look at the record as a whole to see the consistent position from Ramos, which is, yes, this incident of sexual touching took place, but I down pleaded to attempt. And he offered other mitigation arguments.  If he hadn't admitted to sexual touching, his mitigation argument would have had to be different because he said, I stepped up quickly. The victim didn't have to testify because I owned up to this conduct right away. And so at the very least, the sentencing hearing would have gone differently if it hadn't started with his admission that this one incident of sexual touching took place. Thank you, Mr. Conner. Thank you. At this time, would Attorney Rodriguez please introduce himself back on the record for his rebuttal? He has two minutes. May it please the court, Jose Rodriguez on behalf of Appellant. Your Honors, these acts that the court injected into the record that were nowhere part of the record, if nowhere in the record, were clearly prejudicial. And the clear response to that, why they are prejudicial, is because the court deemed them important enough to bring those new graphic and inflammatory acts just before it imposed the sentence in explaining the conduct. Counsel, do you know where in the state court record those facts appear? Do those facts appear in the state court judgment itself or in the state court charging document? Your Honors, those, they appear in the charging document. And I want to- And that's not in the record that you just said. You just know that by, you've looked at them. I have looked at them. They are in, those allegations are in the pleadings. And just to make clear, Mr. Ramos was convicted of an attempt. No evidence was presented to support those acts. And the court- So is the charging document the only place in the state court proceeding where you can find those facts? Yes, Your Honor. As far as I'm aware, yes, the charging document, not in the judgment. Okay. Because now we're asking you what is said in the document written in Spanish. Right. Can I, to understand what's your question, Your Honor, can you- Well, I'm just not sure whether we rely on that at all any more than the district court judge should. Right. The only way where that information, we know that's not in the federal record. That we know for sure. And the court must have brought them from somewhere. And the court was reading from state court documents at sentencing. I think your opposing counsel has narrowed things down to whether the difference between what your client arguably didn't contest or admitted to in the motion for reconsideration on the one hand, and then the more graphic description by the district court judge on the other hand. And I think we've got this to a point where pivotal is the question, is there a big difference between the two that is prejudicial to your client? There is a big difference, Your Honor. We don't know what the court, the sentencing court might have imposed a sentence had the court not injected, considered and injected those facts into the record. We have to know that the court imposed the maximum absolute sentence, and this was a 26-month variance. And the court deemed those acts, those allegations of acts important enough to include them and to mention them before announcing the sentence. So we just don't know what the court might have done. It may have been a lesser sentence because we do, what we do know is that the court considered those allegations of acts sufficiently serious and sufficiently important as to bring them into a federal record where they did not belong. And to make reference to them before announcing such a huge variance. One quick question, how many of the 36 months have been served? Twenty-nine, Your Honor. Any more questions? Thank you, Counsel. Thank you, Your Honor. That concludes argument in this case. All rise.